**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JAMES R. SMITH,                    :
                                   :  Civil Action No. 09-2602 (FLW)
           Plaintiff,              :
                                   :
                                   :
           v.                      :  OPINION
                                   :
GEORGE W. HAYMAN, et al.,          :
                                   :
           Defendants.             :
```

**APPEARANCES:**

    JAMES R. SMITH, Plaintiff <u>pro se</u>
    #423443
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625-0861

    JENNIFER S. HSIA, ESQ.
    NEW JERSEY ATTORNEY GENERAL'S OFFICE
    CORRECTIONS AND STATE POLICE
    R.J. Hughes Justice Complex
    25 Market Street
    Trenton, New Jersey 08625
    Counsel for Defendant Ricci

    CRAIG J. SMITH, ESQ.
    MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
    1617 John F. Kennedy Blvd., Suite 1500
    Philadelphia, Pennsylvania 19103-1815
    Counsel for Defendants Reeves, Lieberman, DeFillippo, Baum,
        Moshkovich and Baldwin

**WOLFSON**, District Judge

    THIS MATTER comes before the Court on the motion (Docket entry no. 35) of plaintiff, James R. Smith ("Smith"), for a preliminary injunction. Defendants filed a letter brief with supporting affidavits in opposition to plaintiff's motion.

(Docket entry no. 36). This matter is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, plaintiff's motion for preliminary injunctive relief is denied.

## I.   BACKGROUND

On or about May 29, 2009, Smith filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against numerous defendants asserting claims of retaliation, failure to protect, infringement of his right to privacy, denial of medical care and treatment, and denial of equal protection. In an Opinion and Order entered on February 19, 2010, this Court dismissed plaintiff's claims asserting denial of medical care and equal protection, but allowing the remaining three claims to proceed. (Docket entry nos. 4 and 5).

In his Complaint, Smith alleged that he suffers from a Gender-Identity Disorder ("GID"). He claimed that he is a male-to-female transgender individual, born biologically male but allegedly psychologically and emotionally female. In dismissing the denial of medical care claim, this Court found that Smith failed to cite an actual medical or psychiatric/psychological diagnosis. In fact, the prison psychiatrist, defendant Dr. Baum, stated in a report that plaintiff did not meet the two major criteria for a diagnosis of GID. Smith had been evaluated by psychiatrists, psychologists and social workers at the New Jersey

Department of Corrections ("NJDOC"). There was no recommendation for hormone treatment or surgery, nor was there any confirming diagnosis of GID. Further, Smith was not undergoing hormone therapy or other type of treatment for GID that was disrupted by defendants. He did not arrive in the prison system having started hormone therapy or other treatment for GID. Indeed, he failed to cite any previous medical/psychological diagnosis of GID. Smith also admitted that defendants offered counseling and alternative treatments to address his transgender concerns, which he has refused for alleged privacy concerns, although he also admitted that the doctors and counselors made efforts to ensure private sessions within the confines of his unit. Smith further admitted that defendants have suggested medications to reduce his alleged desires to be female, which Smith also has declined. Accordingly, this Court dismissed the denial of medical care claim because there was no demonstrated deliberate indifference to deny treatment for GID where no prior therapy was alleged, citing Wolfe v. Horn, 130 F. Supp.2d 648, 652 (E.D. Pa. 2001).

    Shortly thereafter, Smith filed a motion for a preliminary injunction to enjoin defendants, Dr. Moshkovich and others from deleting medical health diagnoses from his electronic medical record ("EMR") and to have the Court impose sanctions against defendant for deleting a medical diagnosis from his EMR in violation of law. In particular, Smith attaches a March 4, 2010

EMR and a July 29, 2010 EMR.  He notes that several entries on the March EMR were not included on the July EMR, namely, hx (history) of post traumatic stress disorder; major depressive disorder, recur, full remis; hx of polysubstance dependence; dysthymic disorder; paraphilia (arousal to forcible sex); and "? of gender identity disorder."  (Motion at Exhibit 3).

The defendants filed an opposition to plaintiff's motion for preliminary injunctive relief.  Defendants first argue that plaintiff fails to satisfy the four factors necessary for issuance of a preliminary injunction.  Defendants note that plaintiff's motion continues to rely on his claim that he suffers from GID, which claim was dismissed from this action as without merit.  Further, plaintiff produces no evidence or information to show that Dr. Moshkovich deleted the information.  Finally, defendants note that the alleged deletions were simply notations concerning current problems at that time in March 2010, which were not referenced as being a current problem in July 2010.

## II.   DISCUSSION

To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants]; and (4) granting the injunction is in the public

interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).  The standards for a permanent injunction are essentially the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits, not a likelihood of success, to obtain a permanent injunction.  See University of Texas v. Camenisch, 451 U.S. 390, 392 (1981).

Moreover, a court shall not grant or impose any prospective relief in a prisoner case unless the court finds:

> (1) such relief is narrowly drawn;
> (2) the relief extends no further than necessary to correct the violation of the Federal Right;
> (3) the relief is the least intrusive means necessary to correct the violation of the Federal right; and
> (4) the substantial weight has been given to any adverse impact on public safety or the operation of a criminal justice system that might be caused by the relief.

Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1)(A).

Here, Smith's request for a preliminary injunction fails to satisfy the first two factors necessary for issuance of preliminary injunctive relief.  First, Smith can not demonstrate a likelihood of success on the merits.  This Court finds no actual deletions of a reference to GID because no diagnosis of

5

GID has ever been made with respect to plaintiff.  Moreover, the "deletions" alleged by Smith are not actual deletions of medical information from Smith's medical records.  Rather, the March 2010 EMR references current problems existing at that time that were not existing current problems in July 2010.  Further, none of those current problems in the March 2010 pertain to any diagnosis.  Thus, there appears to be little to no likelihood of success on this claim, as plaintiff cannot show any merit to his accusation that information in his medical records were deleted or destroyed, or that the information concerning his "current problems" in March 2010 are unavailable for purposes of obtaining evidence pertinent to his pending case.  Indeed, both EMRs, made part of the record by plaintiff, plainly show that diagnosis information in Smith's medical records have not been deleted.  Finally, there is no evidence to show that defendants, in particular, Dr. Moshkovich, did anything in violation of the law or of plaintiff's constitutional rights that would warrant injunctive relief.  Namely, plaintiff provides no evidence of any kind that information in his medical records were deleted by Dr. Moshkovich or others.

   Smith also fails to support a claim of irreparable harm.  There is no indication that his medical records have been compromised in any way by defendants or that the medical records needed to prove his case are no longer available.  Smith

undermines his own argument by producing medical records which clearly show that no medical diagnoses have been deleted, as alleged.  Instead, as noted above, the EMRs simply reference the list of current problems existing in March 2010 that were not existing as current problems in July 2010.  Thus, there is no indication that Smith's future treatment would be imperiled because no diagnoses have been deleted from Smith's medical records.

As to the two remaining factors, the Court finds that plaintiff has not demonstrated that the balance of equities weigh in favor of granting injunctive relief.  Rather, defendants convincingly argue that the broad and vague injunctive relief as sought by Smith would have a chilling effect on the manner in which prison officials and medical staff could interact with plaintiff in providing future medical/psychological treatment that may be needed.

Consequently, where Smith cannot show all four factors necessary for issuance of a preliminary injunction, his motion must be denied at this time.

III.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's motion for a preliminary injunction (docket entry no. 35) will be denied at this time.  An appropriate order follows.

                                              S/Freda L. Wolfson
                                              FREDA L. WOLFSON
                                              United States District Judge
Dated: February 23, 2011